UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEREMY RYAN TIESKOTTER,

                Petitioner,

v.

STEPHEN D. SINCLAIR,

                Respondent.

No. C11-5525 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for: December 23, 2011**

Petitioner Jeremy Ryan Tieskotter filed a 28 U.S.C. § 2254 habeas corpus petition challenging his 2008 convictions. ECF No. 1. Respondent filed a response and submitted relevant portions of the state court record. ECF Nos. 10 and 11. Having carefully considered the parties' filings and relevant record, the undersigned recommends that the petition be denied and dismissed with prejudice.

## BACKGROUND

Jeremy Ryan Tieskotter is in the custody of the Washington Department of Corrections pursuant to a judgment and sentence of the Thurston County Superior Court. He was convicted by jury verdict of assault in the second degree while armed with a deadly weapon (count 1) and unlawful possession of a firearm in the first degree (count 3). He was originally sentenced on March 11, 2008, to a prison term of 120 months on count 1 (consisting of an 84-month base term with a 36-month firearm enhancement) and 116 months on count 3, the terms to be served concurrently. ECF No. 11, Exh. 5. Following a remand from the state appellate court, the trial

REPORT AND RECOMMENDATION - 1

court (the Honorable Chris Wickham) on September 16, 2010, imposed an amended sentence totaling 116 months' confinement. *Id.*, Exh. 20.

**A.  Factual Background**

Mr. Tieskotter's appeal was consolidated with that of his co-defendant, Charles Hartzell. The Court relies on the factual summary of the Washington Court of Appeals in its decision in the consolidated direct appeal:

> According to testimony at trial, Michael Vernam was awakened by gunshots outside his home on Trailblazer Road in Thurston County early in the morning of April 7, 2007. He looked outside and saw someone shooting from what he thought was the sunroof of a red car. The car moved as shots were fired, so Vernam concluded that more than one person was in the car.
>
> The gunshots also woke Kimberly Hoage, but she thought someone was banging on the wall outside her apartment. Later in the day, however, Hoage discovered bullet holes in the headboard of the bed where she and her daughter had been sleeping. Sheriff's deputies found a bullet and bullet fragments in the apartment and shell casings from 9 mm and .357 caliber bullets outside.
>
> Four days after the shooting at Hoage's apartment in Thurston County, police officers in Pierce County interviewed Jeremy Tieskotter in response to a report of him firing a 9 mm semiautomatic handgun in Lakewood. Tieskotter admitted firing the gun. Ballistics analysis showed that the bullets fired into Hoage's apartment had come from the same 9 mm weapon.
>
> The next month at about 10 o'clock in the evening, Kitsap County Sheriff's Deputy Daniel Twomey was dispatched to a house in a rural area of Kitsap County in response to a call of a man with a gun. The suspect had been described as a "skinhead." While the officer was waiting outside the house for backup to arrive, a RAV4 compact SUV (sports utility vehicle) pulled into the driveway and a man later identified as Hartzell got out. Hartzell gave a false name and claimed to be looking for his girl friend, Sarah Dodge, who he said had been given a pill "by a guy named Randy," was acting "crazy," and had gotten out of the car somewhere in the area. When backup arrived, Deputy Twomey went inside, where he found Sarah Dodge. After interviewing her, he took Hartzell into custody and then discovered there was a bullet hole through the passenger door of the RAV4. Inside the vehicle, Detective Twomey found a .357 SIG cartridge on the front passenger-side floor, several boxes of .357 SIG ammunition in the rear, and a .357 SIG cartridge in the seam of Hartzell's jacket.

REPORT AND RECOMMENDATION - 2

A K–9 officer was called to look for the gun that shot the bullet through the passenger door of the RAV4. The dog jumped up on the door, sniffed, then went south on the shoulder of Sidney Road. Less than 100 yards from where the RAV4 was parked, the dog found a .357 semiautomatic handgun, several rounds short of being fully loaded. A ballistics expert later determined that this was the same gun that had fired .357 bullets into Hoage's apartment in Thurston County.

Officers learned that Tieskotter and Hartzell were good friends. They also found out that Hartzell and his girl friend, Sarah Dodge, had been staying with Hoage days before the shooting at Hoage's apartment. Hartzell and Dodge were forging checks, and Hoage had threatened to call the police if they did not leave. After he and Dodge left, Hartzell called Hoage to demand that she return his laptop. Hoage ignored the message because she had seen Hartzell leave with the laptop. But after the shooting, she became fearful because she received a threatening text message from Hartzell that led her to believe he was the one who shot at her apartment.

Hartzell and Tieskotter were each charged in Thurston County Superior Court with assault in the second degree while armed with a deadly weapon (a firearm) (count 1), drive-by shooting (count 2), and unlawful possession of a firearm in the first degree (count 3). The two cases were joined for trial. Both defendants were convicted on counts 1 and 3. The jury returned special verdict forms finding that each defendant was armed with a deadly weapon during the assaults. The court imposed 36–month firearm sentence enhancements. The appeals of Hartzell and Tieskotter have been consolidated.

ECF No. 11, Exh. 18 at 2-5 (footnotes omitted); *State v. Hartzell*, 156 Wn. App. 918, 926-28, 237 P.3d 928 (2010). The jury was unable to reach a unanimous verdict as to the drive-by shooting charge for both defendants. ECF No. 4 at 751-52. The trial judge declared a mistrial for those counts. *Id*. at 756. The factual summary of the Washington Court of Appeals is accorded a presumption of correctness pursuant to 28 U.S.C. § 2254(e)(1). *Moses v. Payne,* 555 F.3d 742, 746 n.1 (9th Cir. 2009).

**B.     Procedural History**

Through counsel, Mr. Tieskotter appealed his conviction and sentence to the Washington Court of Appeals, raising the following grounds for relief:

REPORT AND RECOMMENDATION - 3

1) The trial court erred by admitting prejudicial evidence under ER 404(b) of Tieskotter's involvement in a shooting in Pierce County.

2) Defense counsel provided ineffective assistance by failing to prevent the admission of the ER 404(b) evidence.

3) Instruction No. 27 was an improper comment on the evidence.

4) The trial court erred by failing to grant a new trial based on the giving of Instruction No. 27.

5) Instruction No. 23 was defective because it relieved the State of its burden of proof on count 3 by omitting the element of "knowledge."

6) Defense counsel provided ineffective assistance by failing to object to Instruction No. 23.

7) There was insufficient evidence presented at trial to support the convictions on counts 1 and 3.

8) The cumulative effect of the claimed errors rendered the trial unfair.

9) The sentence imposed exceeds the statutory maximum punishment.

10) Defense counsel provided ineffective assistance by failing to correct the trial court's sentencing error.

ECF No. 11, Exh. 7 at 1-3.

Appellate counsel for Mr. Hartzell also filed a brief and Mr. Hartzell filed a pro se statement of additional grounds. ECF No. 11, Exhs. 8 and 20. Appellate counsel later filed an "amended/supplemental brief" arguing that the trial court erred by imposing a firearm sentencing enhancement where the jury's special verdict reflected only that Mr. Tieskotter was armed with a deadly weapon. *Id.*, Exh. 12. On November 16, 2009, the Court of Appeals affirmed the conviction in a published opinion. *Id.*, Exh. 13 (*State v. Hartzell*, 153 Wn. App. 137, 221 P.3d 928 (2009)). The appellate court concluded, however, that Mr. Tieskotter's sentence

REPORT AND RECOMMENDATION - 4

(specifically, the combination of a 120-month confinement term plus an 18-to-36-month range of community custody) had the potential to exceed the statutory maximum punishment and remanded to the trial court for correction or clarification of the sentence. ECF No. 11, Exh. 13 at 39-40.

Counsel for Mr. Tieskotter filed a petition for review with the Washington Supreme Court raising the following grounds for relief:

1) The trial court erred by admitting prejudicial evidence under ER 404(b) of Mr. Tieskotter's involvement in a shooting in Pierce County.

2) Defense counsel provided ineffective assistance by failing to prevent the admission of the ER 404(b) evidence.

3) Instruction No. 27 was an improper comment on the evidence.

4) The trial court erred by failing to grant a new trial based on the giving of Instruction No. 27.

5) Instruction No. 23 was defective because it relieved the State of its burden of proof on count 3 by omitting the element of "knowledge."

6) There was insufficient evidence presented at trial to support the convictions on counts 1 and 3.

7) The trial court erred by imposing a firearm sentencing enhancement where the jury's special verdict reflected only that Tieskotter was armed with a deadly weapon.

ECF No. 11, Exh. 14 at 1-2. Mr. Hartzell also filed a petition for review. *Id.*, Exh. 15. On April 27, 2010, the Washington Supreme Court granted the petitions for review only as to the firearm enhancement issue (issue no. 7) and remanded the case to the Court of Appeals for reconsideration in light of *State v. Williams-Walker*, 167 Wn.2d 889, 225 P.3d 913 (2010). ECF

REPORT AND RECOMMENDATION - 5

No. 11, Exh. 16 (unpublished order noted at *State v. Hartzell*, 168 Wn.2d 1027, 230 P.3d 1054 (2010)).

On remand, the Court of Appeals withdrew its prior opinion and substituted an amended published opinion on July 19, 2010. ECF No. 11, Exhs. 17 and 18 (*State v. Hartzell*, 156 Wn. App. 918, 237 P.3d 928 (2010)). The appellate court re-affirmed Mr. Tieskotter's conviction but concluded that the firearm sentencing enhancement was unsupported by the jury's special verdict and remanded for resentencing. ECF No. 11, Exh. 18 at 25. Mr. Tieskotter did not seek further review by the Washington Supreme Court, and the Court of Appeals' mandate issued on August 20, 2010. ECF No. 11, Exh. 19. Mr. Tieskotter was resentenced by the trial court on September 16, 2010. *Id.*, Exh. 20.

According to the state courts' docketing system, Mr. Tieskotter filed a personal restraint petition with the Washington Court of Appeals on July 1, 2011, under cause number 42320-1-II. The docket further indicates that the filing fee was due by August 3, 2011, but had not been paid at the time Respondent submitted the relevant state court record in this case. ECF Nos. 10 and 11. The personal restraint petition was filed *before* Tieskotter filed his § 2254 petition here, but his § 2254 petition says nothing about the state petition. In fact, it states that *no* state collateral review actions concerning his Thurston County judgment and sentence had ever been filed. ECF No. 1 at ¶¶ 10-11. The state court petition is apparently still pending. Respondent is not a party to that proceeding.

**FEDERAL HABEAS GROUNDS FOR REVIEW**

Mr. Tieskotter presents the following grounds for federal habeas review:

1) The trial court erred by allowing the admission of prejudicial evidence of Tieskotter's involvement in a Pierce County shooting four days after the crime.

REPORT AND RECOMMENDATION - 6

2) Defense counsel provided ineffective assistance by failing to object to the evidence of the Pierce County shooting.

3) The trial court's Instruction No. 27 constituted an improper comment on the evidence.

4) The trial court erred by denying the motion for a new trial based on the giving of Instruction No. 27.

5) Instruction No. 23, the "to convict" instruction for count 3, was constitutionally defective because it omitted the essential element of knowledge.

6) There was insufficient evidence presented to support his conviction for second-degree assault and unlawful possession of a firearm in the first degree.

ECF No. 1, Attach. C.

## EVIDENTIARY HEARING

Evidentiary hearings are not usually necessary in a habeas case. If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2) (1996).

In deciding whether to grant an evidentiary hearing in a § 2254 case, the federal court must consider whether such a hearing could enable the petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief. *Schriro v.*

REPORT AND RECOMMENDATION - 7

*Landrigan*, 550 U.S. 465, 474 (2007). But evidence presented in federal court in support of a habeas claim ultimately has no bearing on the federal court's review of a state-court adjudication under 28 U.S.C. § 2254(d)(1):

> *[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits . . . .*
>
> If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court.

*Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1398, 1400 (2011) (emphasis added).

Mr. Tieskotter's challenges present legal questions only and may be resolved by a review of the state-court record. *Id.*; *see also Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998); *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir.) (en banc), *cert. denied*, 511 U.S. 1119 (1994). Moreover, his claims were adjudicated on the merits by the state courts for purposes of 28 U.S.C. § 2254(d). Those state-court decisions contain findings of fact that are entitled to deference under 28 U.S.C. § 2254(d)(2) and the presumption of correctness under 28 U.S.C. § 2254(e)(1). Habeas review in this case is limited to the record that was before the state courts. *Cullen v. Pinholster, supra*. An evidentiary hearing is not necessary.

## STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Federal habeas corpus relief does not lie for mere errors of state law. *Estelle v. McGuire,* 502 U.S. 62, 112 S. Ct. 475, 116 L.Ed.2d 385 (1991); *Lewis v. Jeffers,* 497 U.S. 764, 110 S. Ct. 3092, 111 L.Ed.2d 606 (1990); *Pulley v. Harris,* 465 U.S. 37, 41, 104 S. Ct. 871, 79 L.Ed.2d 29 (1984).

A federal court cannot grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). State court decisions must be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357 (2002).

A state court decision is "contrary to" the Supreme Court's "clearly established precedent if the state court applies a rule that contradicts the governing law set forth" in the Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and "nevertheless arrives at a result different from that precedent." *Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S.Ct. 1166 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495 (2000)). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer*, 538 U.S. at 75. That is, "[t]he state court's application of clearly established law must be objectively unreasonable." *Id.*

Under 28 U.S.C. § 2254(d)(2), a federal petition for writ of *habeas corpus* also may be granted "if a material factual finding of the state court reflects 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Juan H. v. Allen*, 408 F.3d 1262, 1270 n.8 (9th Cir. 2005) (quoting 28 U.S.C. § 2254(d)(2)). However, "[a] determination of a factual issue made by a State court shall be presumed to be correct," and the

petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## DISCUSSION

### A. Claims 1, 2, 3, 4, and 6 – Exhaustion

Respondent concedes that Mr. Tieskotter properly exhausted Claim 5 by fairly presenting the claim to the Washington Supreme Court as a federal claim, but argues that Mr. Tieskotter failed to similarly exhaust Claims 1, 2, 3, 4, and 6. Respondent also argues that these claims are now procedurally barred.

Section 2254(b)(1) provides that a habeas petition must be denied if the petitioner failed to exhaust his state court remedies. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887 (1995); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971). A petitioner must exhaust state remedies before seeking a federal writ of habeas corpus. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004). The petitioner must give the state court a fair opportunity to correct the alleged violation of federal rights. *Duncan*, 513 U.S. at 365. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29. The petitioner must "fairly" present the claim to the state's highest court so as to give the state court a fair opportunity to apply federal law to the facts. *Picard*, 404 U.S. at 276-78; *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999). The petitioner bears the burden to prove that a claim is properly exhausted. *Lambrix v. Singletary*, 520 U.S. 518, 523-24, 117 S.Ct. 1517 (1997).

REPORT AND RECOMMENDATION - 10

Petitioners must alert state courts "to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S.Ct. 2074 (1996). Vague references to broad constitutional principles such as due process, equal protection, or the right to a fair trial are not sufficient. *Id.*; *Johnson v. Zenon*, 88 F.3d 828, 830-31 (9th Cir. 1996); *Hiivala v. Wood*, 195 F.3d 1098, 1106-07 (9th Cir. 1999); *Peterson v. Lampert*, 319 F.3d 1153 (9th Cir. 2003) (en banc). Presenting a state law claim does not fairly present a federal claim to the state courts, even if the legal theory underlying the state law claim is the "same" or "similar" to a claim under federal law. *Duncan*, 513 U.S. at 365-66; *Hiivala*, 195 F.3d at 1106-07; *Casey v. Moore,* 386 F.3d 896, 911-14 (9th Cir. 2004). State courts are not required to comb the record in order to discover the federal nature of the prisoner's claim; the federal claim must be contained within the four corners of the prisoner's state court brief or petition. *Baldwin v. Reese*, 541 U.S. 27, 31-32, 124 S.Ct. 1347 (2004).

When Mr. Tieskotter first presented Claims 1, 2, 3, 4, and 6 to the Washington Court of Appeals, they were presented solely as state law claims. His brief and reply on these issues cited only to state law – the Washington constitution, cases, statutes, and evidentiary rules. ECF No. 11, Exhs. 7 and 11. Similarly, in his petition for review before the Washington Supreme Court, these issues were presented solely as issues of Washington law. *Id.*, ECF No. 14. The only federal case (*Neder v. U.S.*, 527 U.S. 1, 119 S.Ct. 1827 (1999)) cited in Mr. Tieskotter's state court briefs is in support of Claim 5. As noted, Respondent does not dispute that Claim 5 was properly exhausted. Because Mr. Tieskotter never presented Claims 1, 2, 3, 4, and 6 to the Washington Supreme Court as federal claims, they are not properly exhausted.

REPORT AND RECOMMENDATION - 11

Moreover, if the claims were not properly presented and the state' highest court would now find them to be procedurally barred, the claims are not cognizable in federal court. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). In such cases there is a procedural default for purposes of federal habeas review, and the petitioner's claims may be reviewed only if he can demonstrate (1) cause for his default in state court and actual prejudice from the alleged error, or (2) that federal review is necessary to prevent a miscarriage of justice, such as the petitioner's actual innocence. *Coleman,* 501 U.S. at 748, 750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Respondent argues that Mr. Tieskotter's five unexhausted claims are now procedurally barred because under Washington law, a defendant may not collaterally challenge a conviction more than one year after the conviction becomes final. RCW 10.73.090(1). Mr. Tieskotter's conviction became final for purposes of state law, one year after the mandate was filed on August 20, 2010. ECF No. 11, Exh. 19; RCW 10.73.090(b). Because more than one year has passed since his conviction became final, Claims 1, 2, 3, 4 and 6 are now time-barred in state court. Therefore, unless Mr. Tieskotter can demonstrate cause for his default in state court and actual prejudice from the alleged error, his claims are not cognizable in federal court.

Unless it would result in a "fundamental miscarriage of justice", a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Coleman v. Thompson*, 501 U.S. at 750. The petitioner must show an objective factor actually caused the failure to properly exhaust a claim. "The fact that [a petitioner] did not present an available claim or that he chose to pursue other claims does not establish cause." *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996). Interference by state officials, the unavailability of

REPORT AND RECOMMENDATION - 12

the legal or factual basis for a claim, or constitutionally ineffective assistance of counsel may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, allegations of ineffective assistance of counsel in post-conviction collateral proceedings do not excuse a procedural default. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987); *Ortiz v. Stewart*, 149 F.3d 923 (9th Cir. 1998); *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Gallego v. McDaniel*, 124 F.3d 1065, 1078 (9th Cir. 1997); *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996); *Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996). Even a petitioner's own inadequacies do not excuse a procedural default. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 907-09 (9th Cir. 1986); *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991). In order for an allegation to constitute cause to excuse a procedural default, the petitioner must exhaust the allegation in state court. *Edwards v. Carpenter*, 529 U.S. 446, 450-53 (2000); *Bonin v. Calderon*, 77 F.3d 1155, 1159 (9th Cir. 1996).

Mr. Tieskotter fails to show cause and prejudice. There has also been no showing of actual innocence to excuse the procedural default. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). "To meet this manifest injustice exception, [the petitioner] must demonstrate more than that 'a reasonable doubt exists in the light of the new evidence.'" *Wood*, 130 F.3d at 379 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. The exception is narrow in scope, and is reserved for the extraordinary case. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citing

REPORT AND RECOMMENDATION - 13

*Sawyer v. Whitley*, 505 U.S. 333, 340 (1992)); *see also Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996). "[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup*, 513 U.S. at 324. "[I]n virtually every case, the allegation of actual innocence has been summarily rejected." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324). .

Mr. Tieskotter did not properly exhaust Claims 1, 2, 3, 4, and 6 and the claims are now procedurally barred under an independent and adequate state law. The claims are not cognizable in federal court and should, therefore, be dismissed.

**B.     Claim 5 –Omission of "Knowledge" Element from Instruction No. 23**

In his fifth ground for relief, Mr. Tieskotter argues that Instruction No. 23, the "to convict" instruction discussing the elements of the crime of unlawful possession of a firearm, omitted the element of "knowledge," where "the element of knowledge" is an essential element of the crime charged. ECF No. 1 at 24.

The trial court instructed the jury that to convict Mr. Tieskotter of first-degree unlawful possession of a firearm (count 3), the State was required to prove the following elements beyond a reasonable doubt:

    1.    That on or about April 7, 2007, the defendant had a firearm in his possession or control;

    2.    that the defendant had previously been convicted of a serious offense; and

    3.    that the possession or control of the firearm occurred in the state of Washington.

ECF No. 11, Exh. 4 at 677-78 (Instruction No. 23). As the State later conceded (*see* ECF No. 11, Exh. 9 at 46) and the Washington Court of Appeals agreed (ECF No. 11, Exh. 18 at 26), the

REPORT AND RECOMMENDATION - 14

instruction failed to include the non-statutory element of "knowing possession" and the omission was an error of constitutional magnitude. The Court of Appeals concluded the error was harmless under *Neder,* however, because the element of knowledge was supported by the evidence and was never contested at trial:

> "Knowing possession" is an essential element of the crime of unlawful possession of a firearm. State v. Anderson, 141 Wn.2d 357,366, 5 P.3d 1247 (2000). The State, therefore, concedes that omitting the requirement of knowledge from instruction 23 was an error of constitutional magnitude. The State contends, however, that the error does not require reversal.
>
> An instruction that omits an element of the offense does not necessarily render the trial fundamentally unfair. *Neder v. United States*, 527 U.S. 1, 19, 119 S. Ct. 1827, 144 L.Ed.2d 35 (1999). To determine whether the omission of an element is harmless error, the court considers whether the omitted element was supported by uncontroverted evidence. *Neder*, 527 U.S. at 19; *State v. Jennings*, 111 Wn. App. 54, 64, 44 P.3d 1 (2002), *review denied*, 148 Wn.2d 1001, 60 P.3d 1212 (2003).
>
> In this case, the jury found each of the defendants guilty of second degree assault while armed with a deadly weapon for shooting into Hoage's apartment. The defendants did not defend against the charge of unlawful possession by claiming they did not know they possessed guns. Rather, they denied they were the ones who shot into the apartment. It is uncontroverted that the shooters, whoever they were, knew they were in possession of guns. Under these circumstances, omitting the element of knowledge from the instruction was harmless error.

ECF No. 11, Exh. 18 at 26-27.

"[N]ot every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation. The question is 'whether the ailing instruction … so infected the entire trial that the resulting conviction violates due process.'" *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). A jury instruction may not be viewed in artificial isolation but must be considered in the context of the instructions as a whole and the entire trial record. *Middleton, supra*; *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Boyde v. California*, 494 U.S. 370, 378

REPORT AND RECOMMENDATION - 15

(1990); *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973). It is not enough that a challenged instruction is "undesirable, erroneous, or even 'universally condemned'." *Cupp v. Naughten*, 414 U.S. at 146. The reviewing court must determine "'whether there is a reasonable likelihood that the jury has applied that challenged instruction in a way' that violates the Constitution." *Middleton*, *supra* (quoting *Estelle v. McGuire*, *supra*). Federal habeas relief may not be granted unless the court finds that the error, "in the whole context of the particular case, had a substantial and injurious effect or influence on the jury's verdict." *Calderon v. Coleman*, 525 U.S. 141, 147 (1998). A state court's application of the harmless error standard is subject to deference on habeas review under the "unreasonable application" prong of 28 U.S.C. § 2254(d)(1). *Mitchell v. Esparza*, 540 U.S. 12, 17-18 (2003).

Due process "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). A corollary to that bedrock principle is the defendant's right to have a jury instruction on each element of the crime. *United States v. Gaudin*, 515 U.S. 506, 511 (1995). But a jury instruction that omits an element of the charged offense does not *automatically* render a criminal trial fundamentally unfair. *Neder v. United States*, 527 U.S. 1, 9 (1999). Instead, the omission of an element is an error subject to harmless-error analysis, and the relevant inquiry for the reviewing court is: "Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?" *Neder*, 527 U.S. 18. "[W]here a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless." *Id*. at 17.

REPORT AND RECOMMENDATION - 16

Here, it is not disputed that "knowing possession" is an essential element of the crime of unlawful possession of a firearm under Washington law and that the trial court's omission of this element from Instruction No. 23 was an error of constitutional magnitude. However, as noted by the Washington Court of Appeals the element of knowledge was supported by the evidence and was never contested by the parties at trial. Instead, Mr. Tieskotter and his co-defendant argued that they were not the ones who shot into the apartment. It was never disputed that the shooters knew they were in possession of guns. The Washington Court of Appeals' decision on this claim was a reasonable application of the *Neder* standard and the decision is entitled to deference under 28 U.S.C. § 2254(d). Mr. Tieskotter is not entitled to federal habeas relief on this claim and it should be denied.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard and based on a thorough review of the record and analysis of the law in this case, this Court concludes that Mr. Tieskotter is not entitled to a certificate of appealability with respect to this petition.

REPORT AND RECOMMENDATION - 17

**CONCUSION**

Based on the foregoing discussion, the undersigned recommends that Mr. Tieskotter's habeas petition be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 23, 2011**, as noted in the caption.

**DATED** this  30th  day of November, 2011.

Karen L. Strombom
United States Magistrate Judge